**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLE D. BERRY,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 11-403** |
| | : | |
| **SUZUKI OF PLYMOUTH MEETING,** | : | |
| **NICK MORALES, SANTANDER** | : | |
| **CONSUMER USA, INC. and EAST** | : | |
| **COAST RECOVERY,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| **TANYA CHANDLER,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 11-1038** |
| | : | |
| **SUZUKI OF PLYMOUTH MEETING,** | : | |
| **NICK MORALES, SANTANDER** | : | |
| **CONSUMER USA, INC. and RECOVERY** | : | |
| **MANAGEMENT SYSTEMS,** | : | |
| | : | |
| **Defendants.** | : | |

**DuBOIS, J.**                                                                                          **July 7, 2011**

**M E M O R A N D U M**

## I.  INTRODUCTION

In these related cases, plaintiffs allege a series of state-law causes of action arising out of their purchases of vehicles from a local car dealership.  Presently before the Court are five motions: two motions by plaintiffs to remand these actions to the Court of Common Pleas of

Philadelphia County, where they were originally filed; two motions by defendant Santander

Consumer USA, Inc. ("Santander") to dismiss the claims against it; and a motion by Santander to

consolidate the cases. For the reasons that follow, the Court grants plaintiffs' motions to remand.

In light of that disposition, the Court does not address the motions to dismiss or the motion to

consolidate.

## II. BACKGROUND[1]

 Plaintiffs visited defendant car dealer Suzuki of Plymouth Meeting ("SOPM") in August

2008. (Berry First Am. Compl. ¶ 29; Chandler First Am. Compl. ¶ 29.) They each entered into a

Retail Installment Sales Contract ("RISC") for the purchase of a vehicle. (Berry First Am.

Compl. ¶ 32; Chandler First Am. Compl. ¶ 32.) Plaintiffs allege that during the sales process,

SOPM and its agents, including defendant Nick Morales, made various misrepresentations and

concealed several pertinent facts about the cars, such as their former use as rental vehicles.

(Berry First Am. Compl. ¶¶ 30-31; Chandler First Am. Compl. ¶¶ 30-31.)

 The RISCs between plaintiffs and SOPM were subsequently assigned to Santander.

(Berry First Am. Compl. ¶ 110; Chandler First Am. Compl. ¶ 119.) The RISCs include the

following language:

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT
> IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR
> COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES
> OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS
> HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT
> EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

(Def. Santander's Mot. to Dismiss Berry, Ex. 1; Def. Santander's Mot. to Dismiss Chandler, Ex.

---

[1] The background of this case is set forth only to the extent necessary to explain the
Court's conclusions regarding the motions to remand.

1.).  When plaintiffs failed to make the required payments under the RISCs, Santander repossessed the cars.  (Berry First Am. Compl. ¶¶ 45-46; Chandler First Am. Compl. ¶¶ 45-46.)

Plaintiffs filed these actions in the Court of Common Pleas of Philadelphia County, alleging various claims sounding in state law based on Morales and SOPM's allegedly fraudulent activities.[2]  Plaintiffs asserted that Santander was liable for those activities as the assignee of the RISCs.  (Berry Compl. ¶ 71; Chandler Compl. ¶ 119.)  The Complaints also each alleged a single count arising under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against the companies hired to repossess the vehicles.  (Berry Compl.  ¶¶ 125-27; Chandler Compl. ¶¶ 174-76.)

On the basis of the FDCPA claims, Santander removed these cases to this Court and filed motions to dismiss the claims against it and a motion to consolidate the cases.  Plaintiffs subsequently filed First Amended Complaints that deleted all federal claims, and then moved to remand both cases.  Santander opposed the remand motions and filed a new round of motions to dismiss.  All motions are fully briefed and ripe for review.

## III.  DISCUSSION

In their motions to remand, plaintiffs contend that the Court no longer has jurisdiction over these cases because there are no longer any federal claims pending.  Santander responds that (1) an amendment of a complaint removing federal claims cannot extinguish the Court's jurisdiction; (2) although the claims against it sound in state law, they necessarily raise issues of federal law sufficient to confer federal question jurisdiction on the Court; and (3) even if the

---

[2] These claims include, inter alia, fraud, breach of contract, negligence, negligent misrepresentation and civil conspiracy.

Court has only supplemental jurisdiction over the remaining claims, it should exercise that jurisdiction because plaintiffs' withdrawal of the federal claims constitutes blatant forum shopping.

Santander is correct that the Court still has the authority to adjudicate both cases. However, the Court declines to exercise its jurisdiction because only state-law claims remain. Thus, plaintiffs' motions to remand are granted. The Court addresses each of Santander's arguments in turn.

A.  The Court Still Has Subject Matter Jurisdiction

It is well established that "[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979). Rather, when "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); see also Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

At the time Santander filed its Notices of Removal in these two cases, plaintiffs' Complaints each alleged a claim under the FDCPA. The Court had federal question jurisdiction over these claims, see 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367. Plaintiffs' subsequent amendments to their Complaints did not divest the Court of subject matter jurisdiction. Westmoreland Hosp. Ass'n, 605 F.2d at 123. Therefore, the Court retains authority to adjudicate these cases.

B.  <u>The Court Has Only Supplemental Jurisdiction</u>

Next, the Court must assess the source of its jurisdiction.  If any of the remaining claims fall within the Court's original jurisdiction, the Court must maintain jurisdiction over at least those claims.  <u>See</u> <u>Borough of W. Mifflin v. Lancaster</u>, 45 F.3d 780, 787 (3d Cir. 1995).  If, however, the Court has only supplemental jurisdiction over the remaining claims, it has discretion to decline to exercise its jurisdiction and remand all of the claims to state court.  <u>See</u> 28 U.S.C. § 1367(c)(3).

Santander contends that, although the remaining claims sound in state law, the claims against it implicate an important issue of federal law sufficient to invoke the Court's original jurisdiction.  Specifically, Santander argues that its derivative liability for SOPM's misdeeds depends on the Court's interpretation of a regulation, 16 C.F.R. § 433.2, that mandates the inclusion of the assignment language at issue in these cases in consumer credit contracts.  Santander asserts that decisional law in this circuit interpreting that regulation forecloses any liability based on the assignment language included in the RISCs unless the facts giving rise to such liability are apparent on the face of the RISCs.  Santander's argument in favor of original jurisdiction in this Court is unavailing.

Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Such "federal question" or "arising under" jurisdiction is only found where "a federal question appear[s] on the face of the plaintiff's well-pleaded complaint."  <u>Metro. Life Ins. Co. v. Price</u>, 501 F.3d 271, 276 (3d Cir. 2007) (citing <u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. 149, 152 (1908)).

Even where a claim arises under state law, a federal district court may entertain it under

its federal question jurisdiction where the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). However, the Supreme Court has labeled the spectrum of claims sufficient to invoke jurisdiction under Grable & Sons a "slim category." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006).

In Grable & Sons, the IRS seized and sold property to satisfy a tax delinquency. 545 U.S. at 310. The original owners later brought a quiet title action, seeking to reclaim the property on the ground that the IRS had failed to follow federal tax law when it gave notice of its seizure. Id. at 311. In upholding federal jurisdiction over the state-law claim, the Supreme Court concluded that the federal issue was substantial and disputed; indeed, it was "the only legal or factual issue contested in the case." Id. at 315. Further, the claims in Grable & Sons "centered on the action of a federal agency (IRS) and its compatibility with a federal statute," rather than on the actions of private actors. Empire Healthchoice, 547 U.S. at 700. Finally, given the rarity of a quiet title action raising an issue of federal law, extending federal jurisdiction over the claim would cause "only a microscopic effect on the federal-state division of labor." Grable & Sons, 545 U.S. at 315.

This case is "poles apart from Grable." Empire Healthchoice, 547 U.S. at 700. The regulation Santander cites is hardly "the only legal or factual issue contested in the case." If the Court adopted an interpretation of the regulation contrary to the one Santander proffers, plaintiffs would still have to prove that SOPM was primarily liable under its state-law theories before derivative liability could attach. Thus, unlike in Grable & Sons, this case involves a "fact-bound and situation-specific" inquiry that could include significant analysis of state law. Empire

Healthchoice, 547 U.S. at 701.

Moreover, this case does not involve the actions of a federal agency but rather alleged misfeasance by private actors.  Finally, because cases involving consumer fraud frequently raise questions of both state and federal law, extending the Court's original jurisdiction over state-law consumer-fraud claims would have a substantial effect on "the federal-state division of labor."

In sum, the claims against Santander are not among the "slim category" of state-law claims sufficient to invoke this Court's original jurisdiction.  Accordingly, the Court has only supplemental, not original, jurisdiction over the claims remaining in these cases.

C.  The Court Declines to Exercise Its Supplemental Jurisdiction

Given that the Court's jurisdiction over the claims still pending in these cases is supplemental, the Court must determine whether it wishes to exercise that jurisdiction or decline it and remand the cases to state court.  A court may decline to exercise supplemental jurisdiction over a state-law claim where

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Section 1367(c)(3) is applicable in this case because there are no remaining claims over which the Court has original jurisdiction.

Santander argues that the Court should maintain jurisdiction over these cases, particularly because plaintiffs' amendments to their Complaints appear to be an attempt to secure a state forum for their claims.  The Court finds Santander's argument unpersuasive.

"In deciding whether to remand, the district court should consider what best serves the principles of economy, convenience, fairness, and comity." Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 233 (3d Cir. 1995). If a plaintiff tries to manipulate the forum, "the court should take this behavior into account in determining whether the balance of factors to be considered . . . support a remand in the case." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). However, such behavior is "but one factor to be considered among the factors of economy, convenience, fairness, and comity." Cabibbo v. Parsons Inspection & Maint. Corp., No. 09-3213, 2009 WL 3074731, at *7 (D.N.J. Sept. 23, 2009); accord Datto v. Thomas Jefferson Univ., No. 08-2154, 2009 WL 577458, at *3 (E.D. Pa. Mar. 4, 2009).

Remand is appropriate in these cases. Although the timing of plaintiffs' amendments raises some concern over forum manipulation, "[p]laintiff[s] did not drop [their] federal claims as a reaction to an unfavorable ruling by this Court," which would constitute more persuasive evidence of forum shopping. Hunter v. Temple Univ. Sch. of Med., No. 03-1649, 2003 WL 22597677, at *2 (E.D. Pa. Oct. 29, 2003).

Moreover, other factors strongly favor remand. Both cases are still in the pleading stages, having only been recently removed to this Court. When the federal claims are withdrawn early in a case, "the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." Carnegie-Mellon, 484 U.S. at 351; accord United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Similarly, interests of comity counsel in favor of remand given the state's strong interest – and the relative lack of federal interest – in determining the boundaries of plaintiffs' rights under state

law.  See Cabibbo, 2009 WL 3074731, at *7.

In conclusion, the Court exercises its discretion pursuant to 28 U.S.C. § 1367(c)(3) to decline jurisdiction over the state-law claims remaining in these cases.  Accordingly, the cases are remanded to the Court of Common Pleas of Philadelphia County.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants plaintiffs' motions to remand and remands these cases to the Court of Common Pleas of Philadelphia County.  An appropriate order follows.